**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND, <br> 11 Dupont Circle, N.W., 9th Floor <br> Washington, DC 20036-1202, <br><br> and <br><br> STEPHEN ABRECHT, RODERICK S. BASHIR, DAVID HUERTA, EMANUEL PASTREICH, APRIL VERRETT, EDWARD J. MANKO, CHRISTOPHER B. BOUVIER, INGA CRAREY, THOMAS LAMARTINA, JOHN J. SHERIDAN, KEVING MCGARR, AND FRANK A. MAXSON, TRUSTEES OF THE SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND, <br> 1800 Massachusetts Ave, Suite 301 <br> Washington, D.C. 20036, <br><br> Plaintiffs, <br> v. <br><br> HAMILTON PARK OPCO, LLC <br> d/b/a ALARIS HEALTH AT HAMILTON PARK <br> 525 Monmouth Street <br> Jersey City, NJ 07302 <br><br> Defendant. | Case No: 1:19-cv-1737 <br><br> **Additional Required Service under 29 U.S.C. § 1132(h) to:** <br><br> **U.S. Department of Labor** <br> **Attn: Assistant Solicitor** <br>    **for Plan Benefits Security** <br> **200 Constitution Ave., N.W.** <br> **Washington, DC 20210** <br><br> **U.S. Department of Treasury** <br> **Attn: Secretary of the Treasury** <br> **1500 Pennsylvania Avenue, NW** <br> **Washington, D.C. 20220** |

**COMPLAINT UNDER ERISA FOR DELINQUENT CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES, AUDIT FEES, ATTORNEY'S FEES AND COSTS**

**Introduction, Jurisdiction and Venue**

1. This is a civil action brought by an employee benefit plan, and by the Trustees of an employee benefit plan, pursuant to Sections 502(a)(3), (d)(1), (g)(2) and 515 of the Employee Retirement Income Security Act of 1974, <u>as amended</u> ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2) and 1145 and Section 301(a) of the Labor Management Relations Act of 1947, <u>as amended</u>

("LMRA"), 29 U.S.C. § 185(a), to collect unpaid collectively bargained contributions, interest, liquidated damages, and audit fees owed by the Defendant.

2.  Jurisdiction is conferred upon this Court by Sections 502(e) and (f) of ERISA, 29 U.S.C. § 1132(e) and (f), and Section 301(c) of the LMRA, 29 U.S.C. § 185(c). Jurisdiction also lies under 28 U.S.C. § 1331.

3.  Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as the Service Employees International Union National Industry Pension Fund is administered in this District.

4.  Pursuant to Section 502(h) of ERISA, 29 U.S.C. § 1132(h), a copy of this complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail on or about the date of filing.

**Parties**

5.  Plaintiff Service Employees International Union National Industry Pension Fund ("SEIU Pension Fund") is an employee pension benefit plan within the meaning of Sections 3(2), (3) of ERISA, 29 U.S.C. §§ 1002(2), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing pension benefits to eligible employees. The SEIU Pension Fund is and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The SEIU Pension Fund is administered at 1800 Massachusetts Avenue NW, Suite 301, Washington, DC 20036.

6.  Plaintiff Trustees of the SEIU Pension Fund, Stephen Abrecht, Roderick S. Bashir, Christopher Bouvier, Thomas LaMartina, Edward J. Manko, John J. Sheridan, Frank A. Maxson,

April Verrett, David Huerta, Inga Crarey, Kevin McGarr and Emanuel Pastreich are the duly authorized Trustees of the SEIU Pension Fund whose duty it is to administer the SEIU Pension Fund for the benefit of the participants and beneficiaries of the SEIU Pension Fund. Plaintiff Trustees are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized and empowered to maintain this action.

7. Defendant Hamilton Park OPCO, LLC ("Hamilton Park") is an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), and (12), and Section 2(2), (6), and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6), and (7).

8. Upon information and belief, Defendant Hamilton Park is a corporation incorporated in the state of New Jersey, with a mailing address of 525 Monmouth Street, Jersey City, NJ 07302. Hamilton Park does business under the associated name of Alaris Health at Hamilton Park.

## Factual Background

9. At all relevant times, 1199 Service Employees International Union, United Healthcare Workers East, NJ Region ("Union") has been the exclusive bargaining representative for all full-time and regular part-time Nurse Aides, Orderlies, Licensed Practical Nurses, Registered Nurses, Cooks, Dietary Aides, Housekeeping, Porters, Maintenance, and Elevator Operators employed by Defendant.

10. Hamilton Park Healthcare Center, LTD. ("Hamilton Park I") was a party to a Collective Bargaining Agreement ("CBA" or "Agreement") establishing the terms and conditions of employment for all full-time and regular part-time Nurse Aides, Orderlies, Licensed Practical

3

Nurses, Registered Nurses, Cooks, Dietary Aides, Housekeeping, Porters, Maintenance, and Elevator Operators employed by Defendant that was effective for an initial term of March 13, 2008 through February 28, 2013 ("2008 CBA").  A true, correct and complete copy of the 2008 CBA is attached as Plaintiffs' Exhibit 1.

11. Pursuant to a November 7, 2012 arbitration award ("Morris Tuchman Award"), the 2008 CBA was amended and extended to remain effect through June 30, 2016.  A true, correct and complete copy of the Morris Tuchman Award is attached as Plaintiffs' Exhibit 2.

12. On December 28, 2012 Hamilton Park purchased Hamilton Park I. Hamilton Park then executed a Memorandum of Agreement on April 24, 2013 agreeing to be bound by all terms of the 2008 CBA and the Morris Tuchman Award. A true, correct and complete copy of the MOA is attached as Plaintiffs' Exhibit 3.

13. By signing the Memorandum of Agreement, Hamilton Park became a participating employer in the SEIU Pension Fund as of May 1, 2013.

14. The CBA states that Hamilton Park is obligated to remit monthly contributions and remittance reports to the SEIU Pension Fund on behalf of all employees covered by the Agreement. Ex. 1 at 25; Ex. 2 at 19, 22.  Monthly contributions are due in an amount equal to 2.5% of the gross earnings of each employee covered by the Agreement.  Ex. 2 at 19.  Contributions and reports are due to the Fund or before the 15th day of the month following the month in which work was performed.  Ex. 1 at 25-26.

15. Pursuant to Section 515 of ERISA, 29 U.S.C. § 1145, employers who are obligated to make contributions to a multi-employer employee benefit plan must do so in accordance with the terms of the applicable collective bargaining agreement.

16. Under the terms of the Agreement, and by submitting reports and contributions to the Fund, Hamilton Park also agreed to be bound by the SEIU Pension Fund's Agreement and Declaration of Trust ("Trust Agreement"), and by all resolutions and rules adopted by the Trustees pursuant to the powers delegated to them by the Trust Agreement, "including collection policies, receipt of which is hereby acknowledged." Ex. 1 at 26. A true and correct copy of the Trust Agreement is attached as Plaintiffs' Exhibit 4.

17. Under the Trust Agreement, the Trustees are empowered to create and enforce a collection policy for the assessment of unpaid and delinquent contributions. *See* Ex. 4. Accordingly, and as discussed in the CBA, Defendants are obligated to remit contributions to the Fund in accordance with the Statement of Policy for Collection of Delinquent Contributions ("Collections Policy") adopted by the Trustees. A true and correct copy of the Collections Policy is attached as Exhibit 5.

18. Article 30.3(b) of the CBA and Section 3.1 of the SEIU Pension Fund's Trust Agreement provide that Hamilton Park must submit complete remittance reports to the SEIU Pension Fund with the employer's contributions. Ex. 1 at 26; Ex. 5, Sec. 3.1. The remittance report must contain the names of each covered employee and the gross earnings of each covered employee during the reporting month. Ex. 1 at 26; Ex. 5, Sec. 3.1.

19. Section 4 of SEIU Pension Fund's Trust Agreement and Section 5 of the Collections Policy both provide that the SEIU Pension Fund may audit any contributing employer for the purpose of ensuring that such employer has remitted the appropriate amount of contributions to the Pension Fund. Ex. 4, Sec. 5; Ex. 5, Sec. 4.

20. Section 3.2 of the Trust Agreement and Section 5 of the Collection Policy provide

that an employer delinquent in its contribution obligations to the SEIU Pension Fund and the subject of a collection lawsuit is liable for interest at the rate of ten percent (10%) per annum, liquidated damages at the greater of the interest on the delinquent contributions or twenty percent (20%) of the delinquent contributions after the commencement of legal action, and attorneys' fees and costs. Ex. 4, Sec. 3.2; Ex. 5, Sec. 2.

21.	15.	Pursuant to the Pension Protection Act of 2006, 29 U.S.C. § 1085, *et seq.* ("PPA"), the SEIU Pension Fund was determined to be in critical status for the plan years beginning January 1, 2009, January 1, 2010, January 1, 2011, January 1, 2012, January 1, 2013, January 1, 2014, January 1, 2015, January 1, 2016, January 1, 2017, and January 1, 2018. Participating employers in the Fund were notified of this status via letters sent April 30, 2009, April 30, 2010, April 30, 2011, April 30, 2012, April 30, 2013, April 28, 2014, April 28, 2015, April 28, 2016, April 28, 2017, and April 28, 2018. Copies of these letters are attached as Plaintiffs' Exhibit 6.

22.	For plans in critical status, the PPA requires that all contributing employers pay to the plan a surcharge to help correct its financial situation. The amount of the surcharge is equal to a percentage of the amount an employer is otherwise required to contribute to the plan. For the SEIU Pension Fund, a five percent (5%) surcharge was applicable in the initial critical year (2009), and a ten percent (10%) surcharge was applicable in 2010 and for each succeeding plan year thereafter in which the plan is in critical status, until the bargaining parties agree to a Collective Bargaining Agreement that implements one of the supplemental contribution schedules in the Rehabilitation Plan adopted by the SEIU Pension Fund, or the Default Schedule is imposed on the participating employer. Participating employers were notified of the Rehabilitation Plan adopted

by the SEIU Pension Fund in November 2009. A copy of this letter is attached as Plaintiffs' Exhibit 7.

23. In accordance with the PPA, Defendant was required to pay supplemental contributions to the Fund. Specifically, under the express terms of the CBA, Hamilton Park was required to pay contributions in accordance with the Preferred Schedule of the Rehabilitation Plan. Ex. 2 at 19, 22; *see* Ex. 5. Thus, in addition to the contributions due to the Fund under the base terms of the CBA, Defendant was required to pay supplemental contributions in an amount equal to 27.7% of all contributions otherwise due for the months of July 2012 through June 2013. Ex. 2 at 19, 22. Effective July 1, 2013, Defendant was required to pay supplemental contributions in an amount equal to 37.6% of all contributions otherwise due. *Id.* Effective July 1, 2014, Defendant was required to pay supplemental contributions in an amount equal to 48.3% of all contributions otherwise due. *Id.* Effective July 1, 2015, Defendant was required to pay supplemental contributions in an amount equal to 59.8% of all contributions otherwise due. *Id.* Effective July 1, 2016, Defendant was required to pay supplemental contributions in an amount equal to 72.1% of all contributions otherwise due. *Id.* Effective July 1, 2017, Defendant was required to pay supplemental contributions in an amount equal to 85.5% of all contributions otherwise due. *Id.* Effective July 1, 2018, Defendant was required to pay supplemental contributions in an amount equal to 99.9% of all contributions otherwise due. *Id.*

24. During the period of May 2013 through the present, Defendant has failed to remit certain contractually required reports and contributions and has failed to pay certain interest charges, liquidated damages, and surcharges and supplemental contributions due under the PPA to the SEIU Pension Fund.

## **COUNT I – Amounts Owed Pursuant to Audit**

25. Plaintiffs reallege and incorporate Paragraphs 1 through 24.

26. This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

27. Defendant is obligated, pursuant to the CBAs, to provide contributions to the SEIU Pension Fund on behalf of its covered employees. Defendant has failed and refused to fulfill its contractual obligations for owed contributions, resulting interest and liquidated damages, and PPA supplemental contributions, as demonstrated by a payroll audit conducted on Defendant by the SEIU Pension Fund for the calendar years 2013 through 2015. A true, complete and correct copy of the audit, which was conducted in 2016, is attached hereto as Plaintiffs' Exhibit 8.

28. The audit revealed that Defendants owe $45,365.04 in contributions, $20,422.87 in PPA supplemental contributions, $2,151.80 in audit testing fees, $28,890.72 in interest (through June 14, 2019), and $13,157.58 in liquidated damages to the SEIU Pension Fund. While contributions remain unpaid, interest continues to accrue on these delinquent contributions and audit fees have been assessed pursuant to the Fund's governing documents.

29. In total, the audit revealed that Hamilton Park owes a total of $109,988.01 to the SEIU Pension Fund for unpaid contributions, PPA supplemental contributions, interest, liquidated damages and testing fees for the calendar years 2013 through 2015.

30. Under Section 502(g) of ERISA, the CBAs, and the Trust Agreement, Plaintiffs are entitled to recover all costs of this action from Defendants, including reasonable attorneys' fees and court costs.

31. Prior to commencing this lawsuit, the SEIU Pension Fund attempted to resolve this

matter with Defendant and its counsel to obtain the outstanding amounts due from the Defendant. Defendant has failed to make a payment on the amounts due. There is little prospect that, lacking judicial compulsion, Defendant will satisfy their obligations to the SEIU Pension Fund, and pay the delinquent and unpaid contributions, liquidated damages and interest due to the SEIU Pension Fund.

32. Defendant's continued failure to pay the amounts due have caused irreparable harm to the plan participants in the form of loss of earnings and expenses of the Pension Fund, endangered the eligibility of covered members' pension benefits, and other harm. Defendant's failure and refusal to comply with its obligations creates an atmosphere in the industry that encourages other employers to do the same.

## Count II – Delinquencies

33. Plaintiff's reallege and incorporate paragraphs 1 through 32.

34. This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1332(a)(3) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

35. Defendant is obligated, under the terms of the CBAs, to provide remittance reports and contributions to the SEIU Pension Fund on behalf of the Defendant's employees and interest and liquidated damages are charged upon unpaid or late paid contributions.

36. For certain months during the period of May 2013 through the present, Defendant has failed to timely remit contributions, incurring interest and liquidated damages on paid contributions.

37. For certain months during the period of May 2013 through the present, Defendant has failed to remit the full amount of contributions and supplemental contributions, and thus owes

the SEIU Pension Fund delinquent contributions, in addition to interest and liquidated damages accrued on such delinquencies.

38. Under Section 502(g) of ERISA, the CBAs, and the Trust Agreement, Plaintiff is entitled to recover all costs of this action from Defendant, including reasonable attorneys' fees and court costs.

39. Prior to commencing this lawsuit, the SEIU Pension Fund attempted to resolve this matter with Defendant and its counsel to obtain the outstanding amounts due from the Defendant. Defendant has failed to make a payment on the amounts due. There is little prospect that, lacking judicial compulsion, Defendant will satisfy their obligations to the SEIU Pension Fund, and pay the delinquent and unpaid contributions, liquidated damages and interest due to the SEIU Pension Fund.

40. Defendant's continued failure to pay the amounts due have caused irreparable harm to the plan participants in the form of loss of earnings and expenses of the Pension Fund, endangered the eligibility of covered members' pension benefits, and other harm. Defendant's failure and refusal to comply with its obligations creates an atmosphere in the industry that encourages other employers to do the same.

**WHEREFORE**, Plaintiffs respectfully request that the Court:

1. Declare that Defendant is delinquent in remitting owed contributions, interest, liquidated damages, testing fees, and PPA supplemental contributions to the SEIU Pension Fund pursuant to the CBAs;

2. Enter judgment in the amount of $109,988.01 pursuant to the audit conducted for the period of 2013 through 2015**;**

3.      Enter judgment for unpaid delinquent contributions, interest, liquidated damages, and PPA supplemental contributions for the period of May 2013 through the resolution of this litigation;

4.      Enter judgment for Plaintiffs' attorneys' fees and costs, as required by the Collective Bargaining Agreements, the Trust Agreement and Section 502(g) of ERISA;

5.      Retain jurisdiction of this case pending compliance with its Orders; and,

6.      Grant such relief as the Court may deem appropriate.

                Respectfully submitted,

                /s/ Diana M. Bardes
                Diana M. Bardes (DC Bar No. 1010075)
                Mooney, Green, Saindon, Murphy & Welch, P.C.
                1920 L Street, NW, Suite 400
                Washington, D.C. 20036
                (202) 783-0010
                (202) 783-6088 Facsimile
                dbardes@mooneygreen.com

Dated: June 14, 2019                *Counsel for the Plaintiffs*

**CERTIFICATE OF SERVICE UNDER 29 U.S.C. § 1132(h)**

I hereby certify that on this 14th day of June, 2017, a true and correct copy of the foregoing COMPLAINT UNDER ERISA FOR DELINQUENT CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES, AUDIT FEES, ATTORNEY'S FEES AND COSTS was served via certified mail on:

U.S. Department of Labor
Attn: Assistant Solicitor for Plan Benefits Security
200 Constitution Ave., N.W.
Washington, DC 20002

U.S. Department of Treasury
Attn: Secretary of the Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220

/s/ Diana M. Bardes
Diana M. Bardes